**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **RAILROAD DRIVE INVESTMENTS, LLC d/b/a LIBERTY LUXURY TOWNHOMES** | § | |
| **Plaintiff,** | § | |
| v. | § | **Civil Action No. 3:20-cv-00110** |
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY** | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

Defendant Philadelphia Indemnity Insurance Company files this Notice of Removal, and, in support, respectfully shows the following:

### I. THE COURT HAS DIVERSITY JURISDICTION

Plaintiffs filed this lawsuit on March 25, 2020, in El Paso County, Texas, against Defendant Philadelphia Indemnity Insurance Company, styled as *Railroad Drive Investments, LLC, dba Liberty Luxury Townhomes v. Philadelphia Indemnity Insurance Company*, cause no. 2020DCV1125, in County Court at Law No. 3, El Paso County, Texas. The lawsuit involves an insurance claim Plaintiff submitted to Philadelphia. Philadelphia now removes this action on the basis of diversity jurisdiction because the Parties are diverse, and the amount in controversy exceeds $75,000.

#### A. The Plaintiffs and Philadelphia are Diverse

Removal is proper under 28 U.S.C. §1446(a)(1) because there is complete diversity of citizenship between Plaintiff and Philadelphia, the sole Defendant. For purposes of diversity of

citizenship, Plaintiff Railroad Drive Investments, LLC, dba Liberty Luxury Townhomes, is a citizen of the State of Texas, because it is a limited liability company whose members are natural persons who are domiciled in Texas. *See* Ex. 1, ¶3; *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (holding a natural person is citizen of state in which she domiciles). Philadelphia is a citizen of Pennsylvania, being an insurance company formed under Pennsylvania law with its principal place of business at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding corporations are a citizen of the state in which they are incorporated and in the state in which their principal place of business is located). Based on the foregoing, Plaintiff and Philadelphia are completely diverse within the meaning of §1332(a).

**B. The Amount in Controversy Exceeds $75,000**

Plaintiffs seek monetary relief greater than $200,000 and less than $1 million. *See* Ex. 1, ¶2. Therefore, the amount in controversy exceeds the $75,000 threshold required to invoke diversity jurisdiction. 28 U.S.C. §1332(a); *see St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting the district court examines the complaint to determine whether it is facially apparent that the claim exceeds the jurisdictional minimum); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277 (1936) (holding allegation in pleading is sufficient to establish amount in controversy).

## II. VENUE IS PROPER

Venue is proper in this District and Division under 28 U.S.C. §§124(d)(3), 1441(a), and 1446(a) in that the Western District of Texas, El Paso Division encompasses El Paso, Texas, and is "the district and division embracing the place where such action is pending."

## III. REMOVAL IS TIMELY

This matter was filed on March 25, 2020. Agent for Service of Process accepted service by certified mail on Philadelphia's behalf on April 2, 2020**.** Therefore, this notice of Removal is timely pursuant to 28 U.S.C. §1446(b)(1) because it is filed within 30 days after Philadelphia was served with Plaintiffs' Original Petition.

## IV. THE REMOVAL IS PROCEDURALLY CORRECT

Pursuant to 28 U.S.C. §1446(a), copies of process and Plaintiffs' Original Petition are attached hereto as Exhibit 1. No orders have been served on Philadelphia. Pursuant to 28 U.S.C. §1446(d), promptly after Philadelphia files this Notice of Removal, written notice of the filing will be served on Plaintiffs, and a true copy of this Notice of Removal will be filed with the Clerk of the El Paso County District Court, the state court from which this action was removed.

## V. PRAYER

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), and the matter was removed in accordance with section 28 U.S.C. §1446. Accordingly, Philadelphia respectfully prays that the United States District Court for the Western District of Texas, El Paso Division, file the Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
Texas Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:	214-665-0100
Facsimile:	214-665-0199
**ATTORNEYS FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to all counsel of record.

*/s/ Stephen A. Melendi*
Stephen A. Melendi